IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIA E. TORRES AND LUIS HERNANDEZ, § § § §<br><br>     Plaintiffs,<br>v.                                                       §    CIVIL ACTION NO. 4:12-cv-00941<br>                                                        §<br>FEDERAL NATIONAL MORTGAGE  §<br>ASSOCIATION A/K/A FANNIE MAE  §<br>AND BANK OF AMERICA, N.A.           §<br><br>     Defendants. | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Federal National Mortgage Association a/k/a Fannie Mae ("FNMA") and Bank of America, N.A. ("Bank of America") (collectively "Defendants") file their Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332.

### I.     INTRODUCTION

1.     On February 28, 2012, Plaintiffs filed their Amended Petition, Application for Temporary Restraining Order and Temporary Injunction ("Amended Petition") in the 270th Judicial District Court of Harris County, Texas. Plaintiffs purport to assert causes of action for wrongful foreclosure, common law fraud and seek injunctive relief to enjoin eviction from the property and actual and exemplary damages in the total amount of $85,000.00, costs and attorney's fees.

2.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

104423.0059
397791.1

## II. TIMELINESS OF NOTICE OF REMOVAL

3. Defendant Bank of America was served with this lawsuit on February 28, 2012. No more than thirty (30) days have passed since Bank of America received both the summons and a copy of the complaint. As such, removal is timely because it is occurring within thirty (30) days of the date of service or of the date Defendant first became aware of this lawsuit.

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.   Complete Diversity Exists.**

4. Plaintiffs' state court action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship). Plaintiffs are citizens and residents of Harris County, Texas, residing at 10115 Northview Drive, Houston, Texas.

5. Bank of America is a corporation existing under the laws of the State of Delaware with offices and principal place of business located in the State of North Carolina.

6. Defendant FNMA is a federally chartered corporation organized under the laws of the United States. Defendant FNMA is a citizen of the District of Columbia for the purposes of 28 U.S.C. § 1332 and has its principal place of business in the District of Columbia.

7. Because Plaintiffs are citizens of Texas, Bank of America is a citizen of North Carolina, and FNMA is a citizen of District of Columbia, complete diversity exists.

**B.   The Amount in Controversy Exceeds $75,000.00.**

8. In addition to the $85,000 in damages specifically sought in Plaintiffs' Amended Petition, Plaintiffs seek equitable and injunctive relief that would permanently enjoin Defendants from enforcing the terms of Plaintiffs' promissory note and deed of trust. When equitable relief is sought, "the amount in controversy is measured by the value of the object of the litigation."[1]

---

[1] *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *see also Carrick Trucking, Inc. v. Lamberth*, No. 2:10-cv-02171, 2011 WL 1085616, at *2 (W.D. Ark. March 23, 2011).

9. When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[2] In this instance, the value of the Property amounts to $74,027.00, and perhaps more.[3] Therefore, based on the value of the relief sought by Plaintiffs in their Amended Petition, including the fair market value of the property, the amount in controversy exceeds $75,000.00.

## IV. VENUE

10. Venue for this Removal is proper in the U.S. District Court for the Southern District of Texas, Houston Division because this district and division includes Harris County, Texas—the location of the pending state court action.[4]

## V. ADDITIONAL REQUIREMENTS

11. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas.

12. This Notice of Removal is signed pursuant to FED. R. CIV. P. 11.[5]

13. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal, nor does this Notice need to be verified.

---

[2] *Martinez v. BAC Home Loans Servicing, LP*, Civil Action No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010).

[3] *See* Harris County Appraisal District Summary attached as "**Exhibit B**". It is appropriate for the Court to take judicial notice of the Harris County Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and the source—the Harris County Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

[4] *See* 28 U.S.C. § 1441(a); 28 U.S.C. 124(b)(2) (stating that the Houston Division of the Southern District includes Harris County).

[5] *See* 28 U.S.C. § 1446(a).

14. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. § 1332, Defendant gives notice that Cause No. 2012-10302, now pending in the 270th Judicial District Court of Harris County, Texas has been removed to this Court.

Respectfully submitted,

By: */s/ Jeffrey R. Seewald*
 **JEFFREY R. SEEWALD**
 State Bar No. 17986640
 McGlinchey Stafford, PLLC
 1001 McKinney, Suite 1500
 Houston, TX 77002
 (713) 520-1900
 (713) 520-1025 (Fax)
 jseewald@mcglinchey.com

***ATTORNEY FOR DEFENDANT***

## CERTIFICATE AND NOTICE OF FILING

I certify that on March 28, 2012, Notice of Removal was sent to the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

 */s/ Jeffrey R. Seewald*
 **Jeffrey R. Seewald**

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing has been forwarded to Plaintiff's counsel of record in accordance with the Federal Rules of Civil Procedure on this the 28th day of March, 2012 as follows:

*Certified Mail Return Receipt Requested*
Jeffrey E. Crews
Great Southwest Building
1314 Texas Avenue, Suite 1120
Houston, TX 77002

*/s/ Jeffrey R. Seewald*
**Jeffrey R. Seewald**